Moncure, P.,
delivered the opinion of the court.
This is a writ of error and supersedeas to a judgment of the circuit court of Montgomery county, reversing a judgment of the county court of said county, rendered in an action of debt brought upon a protested negotiable note against the endorsers thereof. There was a demurrer to the declaration and joinder therein, and there were pleas of nil debet and the statute of limitations, to which the plaintiff replied generally. A jury was sworn to try the issues, but the defendants demurred to the evidence, and the plaintiff *669 joined in the demurrer: whereupon the jury returned a verdict for the plaintiff, subject to the judgment of the court upon the demurrer to the evidence. county court gave judgment for the plaintiff upon the said demurrer; hut the circuit court reversed the judgment of the county court, and rendered judgment for the defendants upon the said demurrer; and the plaintiff has brought up' the latter judgment for the review of this court.
The only question of controversy in the case is as to notice of the protest of the note, whether the evidence on that subject was sufficient to charge the defendants as endorsers?
The only evidence on that subject was contained in the certificate of protest of the notary. The note was a note for four hundred dollars for value received, drawn by William Hale, dated at Christiansburg, August 20th, 1860, payable ninety days after date to John Hale or order, without offset, negotiable and payable at the office of discount and. deposite of the Bank of the Valley at Christiansburg, and endorsed by John Hale and Abraham Smith, the defendants, and by B. It. Linkous (who sues as plaintiff in this action for the use and benefit of Charles H. Miller.) The certificate of the notary is in these words:
“Virginia: Christiansburg, county of Montgomery, to wit:
“Be it known to all whom it may concern, that on this, the 21st day of November, in the year of our Lord 1860,1, Samuel W. Shields, a notary public in and for the county of Montgomery, duly commissioned and qualified, at the request of the president and directors of the office of discount and deposite of the *670 Bank of the Valley in Virginia at Christiansburg, holders of the original note, a true copy whereof is written, demanded payment at the office of discouo^ an(l deposite of the Bank of the Valley in Virginia at Christiansburg, which being refused, and pay- • ment not having been made by the payer of the said note, I, after 8 o’clock, P. M., of this day, placed in the post office of this place four written notices, one directed to the payer, and one directed to John Hale, Abraham Smith, B. B. Linkous, at Blacksburg, Virginia, endorsers, informing them of the non-payment and protest of said note: How, therefore I, the said notary, at the request aforesaid, have protested, and do hereby most solemnly protest, as well against the said maker as against the endorsers, and all others whom it doth or may concern, for all loss, damages, principal, interest, costs and charges sustained, or to be sustained by reason of the demand, &c., aforesaid.
In testimony whereof I have hereunto subscribed my name and affixed my notarial seal at the town of Christiansburg aforesaid, the day and year aforesaid.
Saml¡ W. Shields, [Seal.] Notary Public.
Protest, 50 cents; recording, 50 cents; tax, $1.50; notice, 20 cents; postage, 12 cents—$2.82.”
Bid this certificate afford sufficient evidence in regard to notice of protest to the endorsers to warrant the court in rendering judgment against them on a demurrer to evidence?
It is not expressly stated in the certificate that the post-office of the said endorsers at the time of the protest of the note was “at Blacksburg, Virginia,” at which place the notice to them of the protest was di *671 reeted by tbe notary; nor that he was informed, on due enquiry, that such was their post-office; in either of which cases, notice to them, sent to the post-office •sufficient. But was if not properly inferred by the county court from the facts contained in the certificate, that such was the post-office of the endorsers, or at least, that the notary, upon due enquiry, was so informed ?
We are decidedly of that opinion; and in support of that opinion, we need only to rely on a case which was referred to and much commented on in the argument of counsel in this court. We mean the case of the United States Bank v. Smith, 11 Wheaton R. 171. That case is so directly in point, and so much like this in all its features, that we deem it proper to quote largely from the judgment of the court therein delivered by Mr. Justice Thompson. Like this case, it was upon a demurrer to evidence. On that subject the court said: “By this demurrer, the defendant has taken the questions of fact from the jury, where they properly belonged, and has substituted the court in the place of the jury, and everything which the jury could reasonably infer from the evidence demurred to, is to be considered as admitted. The language of the adjudged eases on this subject is very strong to show that the court will be extremely liberal in their inferences, where the party, by demurring, will take the question from the proper tribunal. It is a course of practice, generally speaking, that is not calculated to promote the ends of justice. If the objection to the sufficiency of the evidence is made by way of motion for a non-suit, it might be removed by testimony within the immediate command of the plaintiff. The deficiency very often arises from mere inadvertence, and omission to make enquiries, which the witnesses examined could probably answer.”
*672 These observations apply as strongly to this ease as they bid to the one in which they were made: and so do following, which were made in that case after dis-P08’ng of some preliminary questions: “And the remaining question is, whether due notice of the default of the maker was given to the defendant. The only objection to the sufficiency of the evidence on this point is, that the notice of non-payment was left at the post-office in the city of Washington, addressed to the defendant at Alexandria, without any evidence that that was his place of residence.. The testimony on this point is that of Michael Eourse', a notary public, who swore that on the day the note fell due, he presented it at the store of the defendant, and demanded payment of his clerk, who replied that Mr. Young was not within, and he would not pay it. And that on the same day he put in the post-office, notice of non-payment, and addressed to the defendant at Alexandria. .If the defendant’s place of residence was Alexandria, it is not denied, but that due and regular notice was given him. The notary was a sworn officer, officially employed to demand payment of this note, and it is no more than reasonable to presume that he was instructed to take all necessary steps to charge the endorsers. This must have been the object in view in demanding payment of the maker. And it is fair also to. presume, that he made enquiry for the residence of the defendant, before he addressed a letter tb him; for it is absurd to suppose he would direct to him at that place without some knowledge or information that he lived there, this being the usual and ordinary course of such transactions, and with which the notary was no doubt acquainted. The jury would, undoubtedly, have been warranted to infer from this evidence, that the defendant’s residence was Alexan *673 dría. If that was not the fact, this case is a striking example of the abuse which may grow out of demurrers to evidence. For a single question to the witness, would have put at rest that point, one way or the other, if the least intimation had been given of the objection. It was manifestly taken for granted by all parties, that the defendant lived at Alexandria. And if a party will at the trial remain silent and not suggest an enquiry, which was obviously a mere omission on the part of the plaintiff, a jury would be authorized to draw all inferences from the testimony given that would not be against reason and probability; and the court, upon a demurrer to the evidence, will draw the same conclusions that the jury might have drawn.”
That case, if it correctly expounds the law, is conclusive of this. It is sustained by the strongest reason, and is -a unanimous decision of a court composed of the ablest judges, including in their number Chief Justice Marshall and Justice Story. It is upon a subject of pervading interest, involving a question of commercial law which ought to be uniform throughout the United States; and the decisions of the supreme court upon such a subject are of great weight, and are entitled to peculiar respect. There are, no doubt, to be found in some of the state reports decisions which may seem to conflict with the case in 11th Wheaton; and one or two of such cases were referred to in the argument. Perhaps about an equal number of such cases might be found on each side of the question. But we deem it unnecessary to examine those cases, as we are perfectly satisfied that the law on the subject is correctly expounded in the decision of the supreme court of the United States before referred to. There has been certainly no decision by this court to the contrary of that case. The case of *674 Raine v. Rice &c., 2 Patton & Heath 529, was referred to in the argument, and has been considered as a decision of the former special court of appeals of tbe state to the contrary. Such, however, will be found on examination not to be the fact. It is true the reporters state, in the syllabus of the ease, that “ on a demurrer to evidence, the court will not infer, in the absence of any evidence on the subject, that the post-office of the endorser of a negotiable note was at the place to which the protest states notice of the dishonor of the note was sent.” But the case itself shows that it decided no such question, and no such question was involved in it. It involved the question of the liability of the maker, under the circumstances of that case, and not of the endorser.
There is a great difference between a special verdict and a demurrer to evidence in the rule in regard to the decision of questions arising thereon. In the case of. a special verdict, all facts which are necessary to enable the court to determine whether or no the plaintiff is entitled-to recover must be found with certainty. It is an inflexible rule, that the court upon a special verdict cannot infer other facts from those found by the jury. There are cases in which the court may infer the intent of a party from the facts found in a special verdict, although the intent be not proved. But in such cases the inference is one of law from the facts, and not an inference of one fact from other facts. 1 Rob. Pr., old ed., pp. 372-’3. Whereas, in the case of a demurrer to evidence, as we have seen, everything which the jury could reasonably infer from the evidence demurred to is to be considered as admitted. If this had been a case of a special verdict, and the facts had been “found in the very words of the certificate of protest, the court could not, in giving judg *675 ■rnent on the special verdict, have inferred from the facts thus found the further fact that the post-office to which the notices were sent was the post-office of the endorsers. Possibly in such a case, as it might appear probable from the circumstances disclosed in the special verdict that the jury might have found that the said post-office was the post-office of the endorsers, or at least that it appeared to the notary to be such after making due enquiry, it might be proper to award a venire de novo. Id. and the cases cited. But it is unnecessary to decide that question, as it does not arise in this case. But this is a ease of a demurrer to evidence, in which it was the duty of the court to infer all that could reasonably have been inferred by a jury against a demurrant from the facts set out in the demurrer, had not those facts been taken by the demur-rant away from the jury to which their decision properly belonged.
Upon the whole, we think the judgment of the circuit court is erroneous, and ought to be reversed and annulled, and that of the county court affirmed.
Judgment or the circuit court reversed, and judgment OR THE COUNTY COURT ARRIRMED.